92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Orvin C. STANWOOD, Plaintiff-Appellant,
v.
Robert J. BURCH; Linda Carol Laird Smith; Jerry C. Smith,
Defendants-Appellees.
 No. 95-35464.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Orvin C. Stanwood appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to comply with a district court ordering Stanwood to file a joint status report or to show cause why the action should not be dismissed for failure to file a joint status report. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 Stanwood contends that the district court abused its discretion by dismissing his action for failure to comply with an order to show cause. This contention has merit. A review of the record reveals that Stanwood filed a motion for summary judgment, which was in effect a response to the district court's order to show cause. The district court subsequently dismissed the action, erroneously stating that Stanwood had failed to answer the order to show cause.
 
 
 4
 Accordingly, we find that the district court abused its discretion by dismissing Stanwood's action for failure to comply with a court order. Cf. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990). We therefore vacate the district court's dismissal and remand for further proceedings.
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3